UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL HAGER,

    Plaintiff,

v.                                                  CASE NO. 8:15-cv-301-T-23TBM

PORTFOLIO RECOVERY
ASSOCIATES, LLC

    Defendant.
_____/

## ORDER

The plaintiff sued (Doc. 2) in state court. Count II of the complaint states:

> This is an action based on violations of the Florida Consumer Collection Practices Act (Florida Statutes Chapter 559) and other consumer protection laws involving allegations that Defendant knowingly, willfully, and maliciously attempted and/or is attempting to collect on a debt which was previously settled between the parties, and in the process thereof, made false negative reports to consumer collection agencies regarding MR. HAGER.

(Doc. 2 at 1) Seizing on the plaintiff's mention of "other consumer protection laws," the defendant removes (Doc. 1) the action and claims that the "Complaint seeks damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*" (Doc. 1 at 1) The plaintiff moves (Doc. 3) to remand and confirms that this action "is based on Florida state debt collection laws . . . ." (Doc. 3 at 2)

Under 28 U.S.C. § 1441, a defendant can remove only an action within the district court's original jurisdiction. The existence of a federal question is governed by the "well-pleaded complaint rule," which holds that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Thus, "[t]he federal law under which a claim arises must be a direct and essential element of the plaintiff's cause of action to establish federal question jurisdiction." *Moore's Federal Practice*, Vol. 16, § 107.14[3][a][iii] (3d ed. 2013).  Further, the plaintiff is the "master" of the complaint and need not assert a federal claim, even if available. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (Garwood, J.).

Because the plaintiff elects to plead under state law and because no federal question appears on the face of the complaint, removal on the basis of the presence of a federal question is improper.  Nonetheless, the defendant responds by citing *Lopez v. Chase Bank USA, N.A.*, No. 8:13-cv-1895, 2014 WL 523475 (M.D. Fla. Feb. 8, 2014) (Kovachevich, J.), which relies on *Grable & Sons Metal Products Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), for the proposition that federal jurisdiction exists if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.  However, although not expressly overruling *Grable*, *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006), sharply confines *Grable* as a precedent to a "slim category" of cases involving a "pure issue" of controlling federal law that is not "fact bound" or "situation specific," that governs "numerous" federal cases, and that creates a preeminent federal interest in

the result.  The present action is exclusively "fact bound" and "situation specific" and presents no controlling "pure issue" of federal law.  As *Empire Healthchoice* says, this action is "poles apart" from *Grable*.  *Empire Healthchoice,* 547 U.S. at 700.

Attempting to establish federal question jurisdiction, the defendant relies also on 15 U.S.C. § 1681t(b), which states, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  Section 1681t(b) creates a federal preemption defense to an inconsistent state statute.  However, the presence of a defense founded in federal law creates no basis for removal.  *See Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987) ("As a defense, [federal preemption] does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.").

Again based on *Lopez*, the defendant argues that the "Fair Credit Reporting Act completely preempts state law relating to the regulation of credit reporting." (Doc. 4 at 6)  However, *Lopez* profoundly misunderstands complete preemption, which is a singular form of preemption affecting only areas of the law inapplicable to this action.  *See Moore's Federal Practice*, Vol. 16, § 107.14[4][b][iii] ("The Supreme Court has recognized complete preemption only in the context of labor contracts, benefit claims under ERISA plans, and usury claims against federally chartered banks.").

- 3 -

Accordingly, the plaintiff's motion (Doc. 3) is **GRANTED**, and this action is **REMANDED** under 28 U.S.C. § 1447(c) for failure of the removing party to invoke federal jurisdiction.  The clerk is directed (1) to mail, as required by Section 1447(c), a certified copy of this order to the clerk of the Circuit Court for Pinellas County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on March 6, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE